# IN THE U.S. DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BENNIE E. BARNS
Plaintiff

vs.

JUDGE STEPHANIE DOMITROVICH, etal.
Defendants

C.A. NO. 03-389 ERI
DISTRICT Judge McLaugh
Magistrate Judge Boxter

### Plaintiffs Objections To Magistrate Judge Susan Baxter's Report And Reccomendations To District Court

Bennie E. Barnes, pro-se litigant, by Legal assistant Ronald Chavis, here at the S.C.I. Albion Law library, states the following objections to magistrate Judge Susan Baxter's April 18, 2005 Report and reccomendation to your Honors Court, in the above referenced Civil Action No. 03-389 ERIE, As noted in plaintiffs following Questions And memorandum of Law.

### Questions Of Law

(1.) Did the Magistrate Judge Susan Baxter Err in her application of the law reccomending in her April 18,05 report to this court that plaintiff be denied relief sought due to U.S. District court lacking Jurisdiction under The "ROOKER-FELDMAN DOCTRINE"?

ANSWER - A resounding yes!

### MEMORANDUM OF LAW IN SUPPORT
### OF STATEMENT OF JURISDICTION

Jurisdiction is conferred upon this Court by virtue of 28 U.S.C. §§ 1331, 1343 in that this action is authorized by 42 U.S.C § 1983 and the Constitution of the U.S. pursuant to the Civil Rights Act of 1866, 1870 AND 1871 empowering Court to address violation of plaintiffs Equal Rights under U.S.C. 42 § 1981 (a) and (c), where the amount in controversy exceeds $10,000.00 exclusive of costs and interest.

5/25/05   Reissued: 6-28-05
Page (1)   Bennie Barnes

Bennie E. Barnes
By Ronald Chavis
Legal Assistant

Continuation of Plaintiffs Objections to Magistrates Report and Recommend

This plaintiff addresses the magistrate Judge Susan Baxter's inference on page (5), paragraph II of her report and reccomendation, which suggests plaintiff complaint as a Civil rights Action, is actually a masquerade for a review of a Legitimate state Court decision that he is dissatisfied with. In addressing this issue to this Honorable Court, Plaintiff first notes that this Civil Action seeks relief for the denial of Substantive rights of Plaintiff and his child that are given to Plaintiff and his child under the "Bill of Rights" of the U.S. Constitution. These rights include, right to counsel and right to confront adversary in court. And are held to be fundamental as such that state may not take them away. Constitutional Law ⊕ - 252.3, U.S. GA. CONST. AMENDS 5, 14. noting to this court that in this instant case the magistrate Judge on page (4), paragraph (2) suggests that plaintiff raised precise issues he presently asserts as constitutional violations before the state appellate courts, refering to Superior Court opinion dated 5/16/03, alleging Plaintiffs claims he was denied right to be present at the hearing, or to have counsel appointed. And that the court erred in finding sufficient evidence to support its decision to revoke his parental rights. While indicating on page (3), last paragraph that a fundamental liberty interest is implicated where a state seeks to terminate a parental relationship, Citing Quilloin v. Walcott, 434 U.S. 246, 255 (1978) Conceeding that this plaintiff was entitled to due process. Which includes the right to be heard and may include in some cases the right to have counsel appointed. Further noting in page (4) paragraph (1), That absent plaintiff appearing personally at hearing or having counsel present in his behalf, that the constitutional guarantee can be satisfied by a telephone connection to hearing. In this instant matter plaintiff and his child were accorded none of the constitutional guarantee's Necessary for procedural due process standard to be met under the Constitution. Noting to this court that under Constitution Law ⊕ - 251.5 "PROCEDURAL DUE PROCESS CLAIMS INVOLVE THOSE EXPECTATIONS CREATED BY STATE LAW AND AS TO SUCH RIGHTS, STATE MAY TAKE THEM AWAY BY AFFORDING PREDEPRIVATION HEARING, POST DEPRIVATION HEARING, OR BY PROVIDING OTHER SAFE GUARDS". In this instant case plaintiff has a right under PA. R.C.P. Rule
* 1915.9 "TO HAVE NO DEFAULT JUDGEMENT, ABSENT PLAINTIFF'S PRESENTS BEFORE COURT, ENTERED AGAINST HIM". By the court conducting hearing without Counsel for Plaintiff or his child, or his presents or participation through video or telephone conference, created Legitimate claim of Deprivation of Due process, Such that Pa. R.C.P. Rule 1915.9 created entitlement and cause of Action under 42 §1983. (SEE TAYLOR BY AND THROUGH WALKER V. LEDBETTER, 818 F2D 792 (11th CIR 1987) Note (2) "GEORGIA STATUTORY FOSTER CARE SCHEME CREATED LEGITIMATE CLAIM OF ENTITLEMENT SUCH THAT DEPRIVATION OF THAT ENTITLEMENT WITHOUT DUE PROCESS OF LAW PROVIDED FOSTER CHILD WITH CAUSE OF ACTION UNDER 42 §1983 ALSO NOTING 818 F2D 794, sec[3] "LIBERTY INTEREST IN CHILD CUSTODY OUTCOME", The 8th article of Bill of rights includes right to counsel, in child custody case because it is a "SUBSTANTIVE RIGHT". While the 3rd article of Bill of rights, "Of Congress Not making any law which prohibt the right to petition For redress of grievances."

* (See Attached Exhibit "A")

5/25/05    Reissued: 6-28-05    Page (2) Renee Barnes

Bernice E. Barnes
By Ronald Chairs
Legal assistant

The Court has consistently held that "where a state action does not reach the merits of Appellants claim, Then Rooker-Feldman" would not bar Feder Action. (SEE WHITEFORD V. REED, 155 F3D 671, PAGE 674, SECTION B: LAST PARAGRAPH ON LEFT HAND SIDE") where the court determined that Rooker-Feldman was inapplicable. ALSO SEE 146 F3d at 172-173.

Because the state Court has a policy which the lower court has adopted, in not bringing state prisoners before court for hearings on P.C.R.A. petitions and Civil Actions, who are 95% Black, plaintiff is denied a constitutional right under Equal protection and Equal rights clause of 42 § 1981, in direct Violation of the Civil Rights Acts of 1866, 1870 AND 1971. The current P.A. Courts policy in precluding this class of people from hearing due to policy of Judicial economy dispells any reference and application Magistrate Judge Baxter makes to EXXON MOBIL CORP et al V. Saudi Basic Industries Corp, As PA. R.C.P. RULE 1915.9, ABSOLUTELY PRECLUDED ANY DEFAULT JUDGEMENT TO BE ENTERED UNDER THE CIRCUMSTANCES PLAINTIFF WAS NOT before THE COURT AS REQUIRED FOR PROCEDURAL DUE PROCESS TO BE ME AND THAT CASE REFERS TO A CASE WHERE a Judgement was RENDERED ON the MERITS. also note copy of attached EXHIBIT"C" which shows plaintiff contacted Ms Hepler of the Children Youth Servi gives Notice of his desire to attend hearing and request that she Notify Court to make arrangements to pick up plaintiff for hearing or to conduct Video or phone hearing. Noting Counselor hepler declined to do so, the subsequent Courts decision to grant custody of his child to Children youth Service on August 6, 2002 without plaintiffs presents or counsel for plaintiff and his child being present gave rise to this plaintiff seeking relief from the U.S. District Court in his Civil Rights Violation Complaint. Noting that there is no other meaningful relief available in state court, As the State Supreme Court in the attached EXHIBIT"D", rendered decision in its may 2000 order that does not require plaintiff to seek review of Superior Court order to satisfy exhaustion requirement.

Wherefore because of the foregoing good cause show That this plaintiff is due the relief he has sought under the State and Federal constitution And that this court has absolute Jurisdic to review this complaint because of the substantive rights involve AND there being No Judgement on merits of case Due to procedural Due process violations of State, That this court deny Magistrate Judge Susan Baxters reccomendation and grant plaintiff relief sought by ordering case remanded to Lower trial court with proceedings to be held in accordance with state and Federal requirements of Counsel for plaint and his presents at hearing. And any other relief sought be granted as the law allows.

* (see Attached EXHIBIT"B")
5/25/05 Reissued 6-28-05        Page (3)    Bennie
                                            Barnes

Bennie E. Barnes
By Legal Assistant
Ronald Chaves

EXHIBIT A

**Rule 1915.8**                    RULES OF CIVIL PROCEDURE

CUSTODY & VISITATION

### Notes of Decisions

Blood tests   1
Review   2

_____

#### 1.  Blood tests

Legitimacy is determined by behavior, conduct, and intent and is unaffected by performance of, or demand for, blood tests, which are irrelevant to the issue. Ruth F. v. Robert B., 690 A.2d 1171, 456 Pa.Super. 398, Super.1997, affirmed 741 A.2d 721, 559 Pa. 523.

Presumption of legitimacy of child born or conceived during marriage must be rebutted before there can be good cause to permit blood test.  Ruth F. v. Robert B., 690 A.2d 1171, 456 Pa.Super. 398, Super.1997, affirmed 741 A.2d 721, 559 Pa. 523.

Uniform Act on Blood Tests to Determine Paternity and Rules of Civil Procedure both imparted court of common pleas with jurisdiction to order parties in paternity action to submit to blood tests. Redman v. Radovich, 678 A.2d 416, 451 Pa.Super. 97, Super.1996.

#### 2.  Review

Order directing father to submit to and pay for psychological evaluations before custody determination was not final order or otherwise appealable, in father's action seeking visitation and partial custody of child born out of wedlock; father had not disobeyed order, father had not been sanctioned or denied custody, order was not statutorily listed appealable interlocutory order, father failed to invoke procedure for appeal by permission, and order was intertwined with custody determination and was therefore not appealable under collateral order doctrine. Miller v. Steinbach, 681 A.2d 775, 452 Pa.Super. 194, Super.1996.

Child Support ⚮534.
Infants ⚮90.

## Rule 1915.10.  Decision

(a) The court may make th transcribed.

(b) No Motion for Post-Ti custody, partial custody or vi

*Note:* See 23 Pa.C.S. § 5. award of sole or shared cust temporary award of custod sion of a plan to implement party or child from the Con of the child (§ 5309), and (§ 5310).

The statute also provides t. reasons when it declines to by the parents or under th § 5307).

Adopted Dec. 10, 1981, effective 1, 1983 by order of June 25, 19{ effective Jan. 1, 1983.  Amended 7, 1988, effective Jan. 1, 1989.

### Explanato

Subdivision (a) [deleted in the parties to be informed of the burden that right impose minimal burden by requirin; decision in contested cases The court may give its reasc tion, but it is not required to narrative form.

The decision differs signifi required if an action is app event, the trial judge must opinion which contains a t specific reasons for the cour Lynn Arnold, 286 Pa.Super. 1

Except for enforcement or c trial practice.  Subdivision (a) lower court is "a final order (c) [now, subd. (b) ] prohibits custody, partial custody or visi

The court need not wait un: to make its decision and ente conclusion of the hearing.

## Rule 1915.9.  No Default Judgment

No judgment may be entered by default or on the pleadings.

Adopted Dec. 10, 1981, effective July 1, 1982;  effective date extended to Jan. 1, 1983 by order of June 25, 1982.  Readopted Nov. 8, 1982, effective Jan. 1, 1983.

### Explanatory Comment—1981

An order of custody, partial custody or visitation may be obtained in several ways.  If the parties reach an agreement, they may seek a consent order pursuant to Rule 1915.7.  If they do not reach an agreement and contest the right to the relief sought, the court will enter an order after a hearing pursuant to Rule 1915.10.

Rule 1915.9 governs two additional situations.  The first is where there is no appearance by the defendant.  In such a case, there is both no consent with respect to the relief sought but also no contest. The rule provides that there shall be no judgment entered by default.

The second is where the parties seek judgment as a matter of law, i.e., on the pleadings.  While any action will probably involve questions of law, the determination of the best interest of a child is never a purely legal determination.  Rather, a multitude of factual determinations is required.  Thus the rule provides that there shall be no judgment entered on the pleadings.

### Historical Notes

**Order of Nov. 8, 1982**

Order of Supreme Court of Nov. 8, 1982, No. 85, Civil Procedural Rules, Docket No. 5, provides that this rule shall be effective Jan. 1, 1983 and is made applicable to actions pending at that time.



# The Superior Court of Pennsylvania
## Office of the Prothonotary

530 WALNUT STREET
THIRD FLOOR, SUITE 315
PHILADELPHIA, PENNSYLVANIA 19106

DAVID A. SZEWCZAK, ESQUIRE
PROTHONOTARY

(215) 560-5800
WEBSITE: www.superior.pacourts.us

CHARLES E. O'CONNOR, JR., ESQUIRE
DEPUTY PROTHONOTARY

April 15, 2005

Mr. Rashyid El
FQ-0779
10745 Route 18
Albion, PA 16475-0002

> Re:    **Commonwealth v. Rashyid El AKA David Vann AKA El Rashyid**
> **No. 228 EDA 2004**

Dear Mr. El:

Enclosed please find returned your bring down order to attend oral argument on April 26, 2005. Please be advised that this Court does not issue such orders as an appellant does not have the right to appear at an appellate oral argument

Very truly yours,

Charles E. O'Connor, Jr
Deputy Prothonotary

CEO/ldr
Enclosure

cc:    Hugh J. Burns, Esquire
       Sondra R. Rodrigues, Esquire



EXHIBIT "B"



(EXHIBIT C)

| Form DC-135A | Commonwealth of Pennsylvania |
|---|---|
| **INMATE'S REQUEST TO STAFF MEMBER** | **Department of Corrections** |

**INSTRUCTIONS**
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

| 1. To: (Name and Title of Officer) | 2. Date: 3-15-2005 |
|---|---|
| 3. By: (Print Inmate Name and Number) EB-8245 _Bennie Barnes_ — Inmate Signature | 4. Counselor's Name ms habusky |
| | 5. Unit Manager's Name SKEndall |
| 6. Work Assignment B. Walker | 7. Housing Assignment OJB |

8. Subject: State your request completely but briefly. Give details. Ms. Habusky

id. it true on July-22 in your office You and I did talk with Melissa Hekler on the Phone and did I not further informed her that I would like to be at my daughter IVT-hearing and I did make a requested to be Present at the hearing and ms hekler informed me that it was not her department responsibility to arrange either and said that it was your responsibility. As Counselor here at SCI albion to get me a lawer for my hearing and to make arrang to get me down to Court or to arrange a video conference by make Phone Call around to try to get me there Rember and I asked You to do that for me. but You said to me that You want do it because THE Judge would have to send and order or Countact the Jail to make some kind or arrange untial that happing there was nothing You Could do. do that sound about right. Your answered live moentr before the hearing Thank You Bennie Barnes

9. **Response: (This Section for Staff Response Only)**

Mr. Barnes —
You had a phone conference call with Ms. Hekler on 7-22-02. I recall us discussing getting an attorney (i.e writing to the Public Defender's Office). Any Court Hearings (phone, video conference, or physical appearance) need to be started from the Courts.

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _____ / Ms. Habusky    Date 3-15-04
                          Print                Sign

Revised July 2000

## IN THE SUPREME COURT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: EXHAUSTION OF STATE REMEDIES IN CRIMINAL AND POST-CONVICTION RELIEF CASES | : No. 218<br>: Judicial Administration Docket<br>: No. 1 |

EXHIBIT "D"

ORDER

**PER CURIAM:**

AND NOW, this 9th day of May, 2000, we hereby recognize that the Superior Court of Pennsylvania reviews criminal as well as civil appeals. Further, review of a final order of the Superior Court is not a matter of right, but of sound judicial discretion, and an appeal to this Court will only be allowed when there are special and important reasons therefor. Pa.R.A.P. 1114. Further, we hereby recognize that criminal and post-conviction relief litigants have petitioned and do routinely petition this Court for allowance of appeal upon the Superior Court's denial of relief in order to exhaust all available state remedies for purposes of federal habeas corpus relief.

In recognition of the above, we hereby declare that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error. When a claim has been presented to the Superior Court, or to the Supreme Court of Pennsylvania, and relief has been denied in a final order, the litigant shall be deemed to have exhausted all available state remedies for purposes of federal habeas corpus relief.

This Order shall be effective immediately

IN THE U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BENNIE E. BARNES
PLAINTIFF

VS

C.A. NO-03-389, ERIE

DISTRICT JUDGE McLaughlin
Magistrate Judge Baxter

JUDGE STEPHAINE DOMITROVIC, et al.
Defendants

## Certificate Of Service

Bennie E. Barnes, pro-se litigant by Legal assistant Ronald Chavis did serve a copy of of his objections to Magistrate Judge Susan Baxter's Report and reccomendation, upon the below noted parties via U.S. Postal Service, first class mail and state all the information contained therein is true and correct under penalty of 28 U.S.C § 1746.

Rodney M. Torbic, Esquire
Deputy Attorney General
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, Pa 15219

U.S. DISTRICT COURT
C/O → Clerk OF Courts
JUDGE SEAN J. McLaughlin
B 160 U.S. COURTHOUSE
17 SOUTH PARK ROW
ERIE, PA 16501
VIA CLERK OF COURTS
P.O. BOX 1820 (16507-1820
1820   16507-1820
ERIE, PA 16501

5/25/05  Reissued: 6-28-05

Bennie E. Barnes
By Legal assistant
Ronald Chavis
Pro-se litigant
10745, Rt 18
Albion, Pa 16475

Bennie Barnes EB-8245