IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Bennie E. Barnes

v.

Stephanie Domitrovich, et al.

CIVIL ACTION COMPLAINT

NO. 03-CV-389 (ERIE)

## Plaintiffs Response To Defendant Counsel OPPOSITION TO PLAINTIFFS OBJECTIONS FILED ON BEHALF OF COUNTY DEFENDANTS

To The Honorable Judge McLaughlin Of The Above Court.

Bennie E. Barnes, pro-se litigant, by legal assistant Ronald Chavis comes before your Honors court in Response to the above referred to Captioned "motion in opposition" filed by Defendants Counsel Tracey D. Bowes on 6/28/05 AND states the following facts in support of plaintiffs motion to Deny Defendants relief sought.

Defendant Counsel Tracey Jones presents (2) reasons why this court should not consider his objections filed may 26, 05, TO MAGISTRATE JUDGE SUSAN BAXTERS REPORT AND RECOMMENDATIONS THIS PLAINTIFF ACCORDINGLY ADDRESSES ISSUE NO. (1) AS NOTED

### OBJECTION NO. I

Defense Counsel Jones submits 3 pages of supposed Reasons why this court should Dismiss plaintiffs objections Due To plaintiffs Alleged failure to serve all parties IN complaint as previously admonished by Court to do so. This legal assistant Directs this Court back To The MAY 26, 05 OBJections To MAGistrate Judge Report and Reccommendations filed and prepared by this legal Assistant.

7/4/05

x Bennie Barnes

Page (1)

Ronald Chavis
Legal Assistant For
Bennie E. Barnes

Continuation of Plaintiff's Response to Defendant Counsel Opposition to Plaintiffs Objections.

In that document on page (3) in closing last paragraph this Legal Assistant brought to the Courts attention the absolute need for plaintiff to have the Counsel he is entitled to under Law, appointed in his behalf so that he might have a fair opportunity to have all of his Legitimate Legal concerns addressed before the Court. Noting to this court that up until this Legal Assistant chose to support Mr. Barnes efforts to have a Fair Review of his claims made by the Court, He had been without any legal help whatsoever here at S.C.I. Albion. Bringing to this Courts attention that the previous inmate who was assisting Mr. Barnes in this pending Legal matter left this institution on parole in Dec, 2004. At that time he also left with a number of Mr. Barnes Documents including ones pertaining to Defendants Address who remained in this pending Civil Action. It was only through the plaintiff Barnes furnishing this Legal Assistant with a recent copy of Habeas Corpus petition involving Judge Stephanie Domitrovich and a prior Document in the form of a docket sheet that this Legal Assistant directed Mr. Barnes to request updated Docket sheet in this pending Civil Action. As you note the Attached Exhibit "A" Received June 24, 2005 By the Clerk attests to this fact. Had this Legal assistant had this information at time of May 26, 05 Filing certainly a copy of objections would of been served on Defendant Counsel Tracey Jones. It is only through the failure of the Lower Court to appoint him Counsel as Required under the Law that has caused this oversight. The plaintiff is without knowledge of Law and cannot be expected to prosecute a Federal Complaint when he could not receive benefit of Counsel in the state court.

Noting to this Court that Defendant Counsel filed her motion in Opposition (4) days after plaintiff filed his request for Docket sheet with Address And That Defendant has Not been served a copy of May 26, 05 Document, even that she had already gotten copy from Clerk's office through Notice. And Counsel is voicing a harmless error as she is not suffering any denial of a substantive right, in behalf of her clients. Accordingly this Court should Strike argument as Frivolous.

7/5/05

x B Barnes

page (2)

Ronald Chavis
Legal assistant
for Bernie Barnes

Continuation of Plaintiff's Response to Defendant's opposition to Objections to Magistrate Judge Bader's Report and Reccommendation

## OBJECTION NO. II

Defense Counsel Jones attempts to assign this case an exclusionary clause for not coming under the perview of <u>Whiteford v. Reed</u> 155 F.3d 611 (3d Cir 1998) By claiming That there is NO issue of a "Default Judgement" being entered into this case IN DIRECT VIOLATION OF PA. R.C.P., Rule 1915.9. Ignoring the Explanatory Comment in the attached EXHIBIT "A" To May 26, 05 "Objections" That clearly indicates Plaintiff presents is Necessary and that a multitude of Factual determinations is required.

To conduct a hearing on the "merits" of case Requires the elements and grounds of the case or claim to be presented to the court for review, which includes the substantive considerations to be taken into account by a "full and adequate disclosure" in deciding the case. In this instant matter there is a total absents of decision on the merits because Plaintiff nor child or Counsel for Plaintiff and child were not permitted to Attend.

For The Counsel Jones to even suggest that case was decided on the merits reverts back to the infamous "Dred Scott" Decision of 1857 by the U.S. Supreme Court that Declared Blacks have no right to be heard or to grieve an injustice done to them by a white person. Certainly Counsel would not apply this standard of Deprivation to her own children.

Finally plaintiff had and still has relatives who wish to Assume custody over child. However were not given opportunity Due to callous disregard of plaintiff's Constitutional rights by Defendant. They are MR AND MRS McKinley Barnes of 182 Barnes Road, Collins, Miss 39428. Accordingly there is not (1) Iota of merit in Counsel Jones Opposition Brief And it should be denied with relief Sought in plaintiff May 26, 05 Objections Granted.

7/5/05

Bonnie Barnes
Page (3)

Ronald Chavis
For Bonnie Barnes
As Legal Assistant

U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT OF PA.

| | |
|---|---|
| Bennie E. Barnes<br>V<br>Stephanie Domitrovich, et.al. | CIVIL ACTION COMPLAINT<br><br>NO. 03-CV-389 (ERIE) |

## CERTIFICATE OF SERVICE

Bennie E. Barnes, by legal assistant Ronald Chavis did serve a copy of Plaintiffs Response to Defendant Counsel's "Opposition to Plaintiffs Objections" on the below noted parties via U.S. Postal Service first class mail, and states all the information therein is true and correct. Under penalty of U.S.C. 28 § 1746.

U.S. District Court
Western District PA
c/o Clerk of Courts
P.O. Box 1820-16507
B-160 U.S. Courthouse
Erie, PA 16501

Tracey D. Jones, Esq
For County Defendants
120 West Tenth Street
Erie, PA 16501

Ronald Chavis
Legal Assistant
For Bennie Barnes

X Bennie Barnes

7/5/05