DPS-234                                                  NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3870
_____

BENNIE E. BARNES,

Appellant

v.

JUDGE STEPHANIE DOMITROVICH; OFFICE OF CHILDREN AND YOUTH OF
ERIE COUNTY, PA.; CASEWORKER MELISSA HEPLER; ATTORNEY ALISON M.
SCARPITTI; COUNSELOR C. HARBUSKY
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 03-cv-00389 )
District Judge: Honorable Sean J. McLaughlin
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
May 25, 2006
Before: FUENTES, VAN ANTWERPEN AND CHAGARES, <u>CIRCUIT JUDGES</u>

(Filed:  June 7, 2006)
_____

OPINION
_____

PER CURIAM

       Bennie E. Barnes appeals from the dismissal of his complaint by the District

Court.  Because we determine that his appeal lacks arguable merit, we will dismiss it

under 28 U.S.C. § 1915(e)(2)(B).

Barnes is a state prisoner who is serving an eight to twenty-year sentence for rape and indecent assault. In 2001, while Barnes was incarcerated, Barnes' daughter was removed from her mother's home due to a lack of proper parental care and control. In 2002, the Erie County Office of Children and Youth filed a petition for involuntary termination of Barnes' parental rights. A hearing on the petition was held on August 6, 2002. While Barnes received notice of the hearing, Barnes did not attend the hearing, nor was counsel present on his behalf. Barnes' parental rights were terminated. Barnes appealed to the Pennsylvania Superior Court. On appeal, Barnes argued that his constitutional rights were violated because he was not given the proper opportunity to attend the hearing or be represented by counsel. He further argued that the trial court erred in terminating his parental rights. The Pennsylvania Superior Court affirmed the decision of the trial court in May 2003.

In December 2003, Barnes filed his complaint in the District Court pursuant to 42 U.S.C. § 1983 seeking injunctive relief[1] and monetary damages.[2] Barnes' complaint asserts claims previously raised on appeal in state court as well as other claims arising out of the state court action. The District Court dismissed all of the claims against Judge Domitrovich (the judge who terminated Barnes' parental rights) based upon judicial

---

[1] Barnes seeks an injunction prohibiting the Defendants from retaliating against him for filing this complaint.

[2] Barnes subsequently filed two amended complaints.

2

immunity. The claims against the remaining Defendants were dismissed based upon the Rooker-Feldman doctrine.

This Court's review is plenary. See FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 839-40 (3d Cir. 1996)(stating standard of review over order granting motion to dismiss for lack of subject matter jurisdiction); see also Digiacomo v. Teamsters Pension Trust Fund of Phila. and Vicinity, 420 F.3d 220, 222 n.4 (3d Cir. 2005)(stating standard of review over order granting motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6)). The Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Rooker-Feldman bars lower federal courts from exercising jurisdiction over a case that is the functional equivalent of an appeal from a state court judgment. See Marran v. Marran, 376 F.3d 143, 149 (3d Cir. 2004)(citations omitted). A case is functionally equivalent: (1) when the claim was actually litigated before the state court; or (2) when the claim is inextricably intertwined with the state adjudication. See id. (citing ITT Corp. v. Intelnet Int'l Corp., 366 F.3d 205, 210 (3d Cir. 2004). A plaintiff cannot litigate one constitutional claim in state court and then raise a related constitutional claim in federal court. See Walker v. Horn, 385 F.3d 321, 329-30 (3d Cir. 2004)(citation omitted). Additionally, a federal claim is inextricably intertwined with an issue adjudicated in state court when the federal court must determine that the state court

3

judgment was erroneously entered to grant the requested relief or the federal court must take action that would negate the state court's judgment. See id. at 330.

Here, we conclude that Barnes' claims were either actually litigated in the state courts and/or are so inextricably intertwined with the state court adjudication of his parental rights. Therefore, Barnes' claims are barred by Rooker-Feldman.[3]

Because Barnes' appeal is entirely lacking in merit, we will dismiss it under § 1915(e)(2)(B). Barnes' motion for appointment of counsel is denied.

---

[3] As previously stated, the District Court dismissed the claims against Judge Domitrovich based upon the affirmative defense of judicial immunity. However, a district court lacks subject matter jurisdiction over claims barred by Rooker-Feldman. See FOCUS, 75 F.3d at 840. Therefore, the District Court lacked subject matter jurisdiction over Barnes' claims against Judge Domitrovich as well.